## THURSTON *v.* ALSTEAD.

The provisions of the Revised Statutes, chap. 52 § 5, limiting the amount of the damages recoverable in actions by land owners, for lands taken for highways, to the actual damage sustained, is applicable in all cases of the discontinuance of highways before judgment rendered for the damages awarded by the road commissioners.

DEBT, for the sum of $90.00 awarded by the road commissioners to the plaintiff for his damages for his land in Alstead, taken for a highway laid out on a petition of Britton and others. The report of the commissioners was accepted and the road established at March term, 1849, of the court of common pleas.

The town having voted to discontinue the highway, at March term, 1851, presented their petition to that court, which was referred to the road commissioners, and finally at September term, 1852, their report in favor of a discontinuance of the road was accepted, and the road discontinued. On the 11th March, 1851, the plaintiff demanded said damages of the town, and payment being refused, commenced

this suit on the 10th day of February, 1852. The highway not having been made within the time limited for that purpose, an information was filed against the town, upon which a fine was imposed and an agent appointed by that court at September term, 1850. The agent collected the fine on the execution issued against the town, and put the road under contract, and by his contractors, entered on the plaintiff's land and commenced making the highway before it was disconued, and before the commencement of this suit. The defendants, (Sept. 21, 1852,) confessed that the plaintiff was entitled to recover $25, for the actual damage he had sustained.

The foregoing facts were stated by the parties for the opinion of this court, and it was agreed that if the court should be of the opinion on the above facts that the plaintiff was entitled to recover in this action the full amount of the damages assessed, judgment should be rendered accordingly. But if the court should be of opinion that the plaintiff was only entitled to recover his actual damage, the damages were to be assessed in such manner as this court might order.

*Wheeler & Faulkner*, for the plaintiff.

At the time of the commencement of this suit, the plaintiff's land had been taken for a highway, by authority of of the court of common pleas, the damages had been properly assessed to him, and payment demanded; the premises had been entered upon by the agent under the authority of law, and the highway was in process of construction. The cause of action would then seem to be complete in every particular. There could be no pretence for delay in the payment of damages, after entry upon the premises for the purpose of constructing the highway. It was the duty of the town to pay the land damages before building the highway. Rev. Stat. chap. 52 § 1.

The provision in the Rev. Stat. chap. 52 § 5, that " only

Thurston v. Alstead.

the amount of the actual loss or damage sustained shall be recovered in case such highway has been discontinued," has, we contend, no application in this case. That provision should be limited to cases where the highway has been discontinued at the time of the commencement of the suit. That is the ordinary time at which to test the rights and liabilities of parties. Towns need no encouragement to resist the payment of land damages from year to year, in the hope of ultimately discontinuing the highway, and thereby affecting the amount of damages to be recovered. In this case the plaintiff became entitled to his damages in March, 1849. They were subsequently demanded, and the suit was brought. The town, by refusing to pay, and contesting the suit, finally succeeded, in September, 1852, in causing the highway to be discontinued, while the action was pending.

As the statute in question may have a fair and liberal operation, without producing the mischiefs of which we complain, if applied only within what would seem to be its proper limits, there is no occasion to extend it by construction; and thereby, in effect, to offer a reward for neglect to pay damages when justly due.

*Vose*, for the defendant.

The highway was discontinued, by the vote of the town, prior to March term, 1852, to which the subsequent consent of the court of common pleas relates back. Rev. Stat. chap. 54 p. 126.

The provision of the Rev. Stat. chap. 52 § 5 p. 124, that only the actual damage to land shall be recovered in case the highway has been discontinued, is general and unqualified, and if that event happen at any time before judgment in the action for the damage awarded, it may be shown like a release, or any other matter occurring after suit brought. Any other construction would almost, if not wholly, defeat the object of the law.

The right given to recover the actual damage implies,

that the statute was intended to apply to cases where the making of the road has been commenced, as that commencement is the usual, if not the only thing, by which actual damage can happen.

The fine in this case was imposed and the agent appointed at the September term, 1850. No motion for execution for the damages appears to have been made to the court of common pleas; and the plaintiff having elected to resort to his action, must be governed by the rule of damages laid down for such actions.

WOODS, J. By virtue of the report of the road commissioners, laying out the highway and assessing the damages, and the judgment of the court, rendered at March term, 1849, accepting it, the plaintiff became entitled to receive of the town of Alstead the sum of $90, that being the amount of the damages awarded in his favor, for land taken for the road. The right of the plaintiff, however, was subject to modification, and a reduction of the damages assessed, in case the road should be discontinued, in the manner contemplated by the statutes hereafter cited. Since that time, the road has been discontinued, the damages awarded remaining unpaid at the time. At the date of the discontinuance, this action had been commenced, after demand made of the payment of the damages assessed. More than thirty days elapsed after the demand was made and before this action was commenced. Rev. Stat. chap. 52 § 3. If the way were not discontinued, no doubt exists that the plaintiff would now be entitled to recover the entire sum awarded for the easement taken, and interest thereon. The discontinuance, however, before payment or judgment in favor of the plaintiff, is made the ground upon which the town relies to reduce the extent of their liability to the actual damages sustained by the plaintiff. By § 5 of chap. 52 Rev. Stat., it is provided that " in actions for the recovery of damages for lands taken for highways, only the amount of

the actual loss or damage sustained shall be recovered, in case such highway has been discontinued." It is contended on the part of the plaintiff, that the provision referred to is not applicable to a case like the present, and that the circumstances relied upon do not affect the right of recovery in this case; that the land having been entered upon, and the construction of the road having been commenced, while the town still neglected to pay, and a demand having been made, and the action duly brought, the right of the plaintiff to the damages awarded had become complete, and to recover the same by action, and that the town is not entitled to a reduction of the damages to the actual loss, by reason of the discontinuance.

It is contended that the defendants come too late to avail themselves of the equitable provisions of the statute. The decision of the case then depends upon the proper construction and effect to be given to the provisions of the statute cited. The provision was intended to prevent the recurrence of the great wrong and injustice which had been found to result from the fact that highways were sometimes laid out, and large damages awarded land owners, and towns were compelled to pay them, and the ways were discontinued, either before or after the payment. In such cases, the lands were restored to the owners, disencumbered entirely, and in some cases before they had been entered upon at all by the public agents for the purpose of the construction of the roads, and in others before any public use was made by way of travel. It was obvious that in such cases individuals were compensated far beyond any loss sustained, and the evidence of the fact was clear and satisfactory, and yet the acceptance of the report being in the nature of a judgment, the propriety of which could not be inquired into by the town, no relief could afterwards be afforded, however great the injustice suffered. To furnish means of relief against wrong and injustice arising in this way, was the object of the provision of the statute under consideration.

And it is properly to be so construed as to remedy the mischief, so far as its language will allow, upon a fair view and interpretation of it. The language of the act is in general and unrestricted terms, that " in actions for the recovery of damages for lands taken for highways, only the amount of the actual loss or damage sustained shall be recovered, in case the highway has been discontinued."

At what time must the discontinuance be effected in order that towns may avail themselves of the provisions of the statute?

By the terms of the provision, it is not restricted to the cases where the road has been discontinued before action brought for the recovery of the damages awarded. It is not so expressly provided.

And we are of the opinion that such was not the intention of the legislature. It is not necessary so to construe the language employed. Such a construction is not in accordance with its most obvious meaning. It is believed to have been the purpose of the legislature to authorise an inquiry into the actual damages sustained, in all cases in which an action is pending for the recovery of damages for lands taken for a highway, and where at any time prior to its commencement, or during the pendency of the action and prior to its determination, the road has been discontinued. Any other construction would defeat the object and purpose of the statute altogether. It would leave the town in all cases at the mercy of the land owner. He could, by the provisions of chap. 52 § 3 Rev. Stat., as soon as the report should be accepted, demand the payment of damages, and if the demand were not complied with, and the payment made within thirty days thereafter, bring his action, and thereby conclude the right of the town to inquire into the actual damages sustained. And at the same time it is plain that it would not be in the power of the town, in the meantime, to effect a discontinuance, even though there might in

fact be no occasion for the highway, and it might soon, in due course of legal proceedings, be in fact discontinued.

When the road is discontinued, there is ample opportunity to ascertain the real damages sustained by the land owner, and that too equally, whether the discontinuance be effected before, or during the pendency of the action. The fact of the pendency of the action would make no possible difference in this particular. The provision of the statute under consideration was wise and judicious, and the court would be disinclined to defeat its manifest and legitimate purpose, by a narrow construction, uncalled for by the language of it. It is enough to allow the claimant the chance, by a race of diligence, to accomplish his purposes by his success in procuring a judgment, if he may, before the discontinuance of the way may be accomplished. We are all of the opinion that the plaintiff is entitled to recover only his actual damages in this case.

The cause is one proper to be tried by the jury, and in conformity with the provisions of the case, the court so direct, unless the parties shall otherwise agree.